467 A.2d 1128

**Linda ROQUE**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1983.

Decided Dec. 1, 1983.

616

Michael J. Donohue, Scranton, for appellant.

Joseph D. Paparelli, Scranton, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

At issue on this appeal is whether an insured died by "accidental means" for purposes of a double-indemnity clause of a policy of life insurance when the insured was shot and killed by a police officer as the insured pointed a gun at the officer during the commission of a burglary. Because the record demonstrates that the insured's death was not accidental, we reverse the order of the Superior Court, 292 Pa.Super. 117, 436 A.2d 1033, and remand the record to the Court of Common Pleas of Lackawanna Coun-

ty with the direction that summary judgment be entered in favor of the insurer.

The insured, Thomas Roque, purchased a life insurance policy from appellant Nationwide Mutual Insurance Company on October 25, 1971. The policy had a face value of $5,000 and an "accidental death benefit rider," which provided that an additional $5,000 would be paid to the insured's beneficiary if the death of the insured "resulted directly and independently of all other causes from bodily injury caused solely by external, violent and accidental means." The insured paid premiums on the policy until the time of his death. The insured's wife, appellee Linda Roque, was named the beneficiary under the policy.

The insured was shot and killed on October 21, 1975, while in the act of burglarizing a house. Police officers learned of the burglary when the insured inadvertently activated a "silent" alarm system within the house. While two of the investigating officers were ascending an interior stairway of the house, the insured called out, "I have a gun. Get out of here, man." One of the officers identified himself and asked the insured to surrender. The insured responded, "I'm telling you man, I've got a gun. I'll kill you. Get out now." The police then heard the sound of glass breaking. One of the officers immediately went to advise other officers stationed outside the house that someone might be trying to escape. The insured then appeared at a bedroom doorway on the second floor, pointed a gun at the police officers in the house, and shouted, "I've got a gun. I'm going to come out. I'm going to kill you." The insured cocked the gun, which was still pointed at the police. Before he could fire, he was shot and killed by one of the officers.

Appellant paid appellee the face amount of the policy but denied liability under the accidental death rider. Appellee then brought the present action in assumpsit. After the parties entered into a stipulation of facts, appellant filed a motion for summary judgment. The trial court denied appellant's motion and granted summary judgment in favor

of appellee. The Superior Court affirmed, and we granted allowance of appeal.

■ This Court has held that public policy does not foreclose a determination that an insured's death was accidental if the insured was engaging in criminal conduct at the time of his death. See *Mohn v. American Casualty Co.*, 458 Pa. 576, 326 A.2d 346 (1974). See also *Eisenman v. Hornberger*, 438 Pa. 46, 264 A.2d 673 (1970); *Beckham v. Travelers Insurance Co.*, 424 Pa. 107, 225 A.2d 532 (1967). We have also held that "the fact that the event causing injury may be traceable to an intentional act of a third party does not preclude the occurrence from being an 'accident.' " *Mohn,* supra, 458 Pa. at 578, 326 A.2d at 348 (citing 10 *Couch on Insurance* ch. 41 (2nd ed. 1962)). However, these holdings do not require the conclusion that appellee is entitled to recover under the accidental death rider. Where, as here, an insured's injury is caused by the intentional act of a third party, "the test of whether injury is a result of an accident is to be determined from the viewpoint of the insured and not from the viewpoint of the one [who] committed the act causing the injury." *Mohn,* 458 Pa. at 578, 326 A.2d at 348. "It is essential to the coverage of the harm that the insured shall not have provoked the act ... which produces the harm or have been the aggressor." 10 *Couch on Insurance* 2d (Rev. ed. 1982) § 41:204.

■ In *Mohn,* the insured was shot and killed by police as he fled from a record shop which he had attempted to burglarize. As there was nothing on the record to indicate that the insured had threatened or otherwise provoked the officer who fired the fatal shot, this Court permitted recovery under a medical insurance policy which limited coverage to "accidental" injuries. In this case, unlike *Mohn,* the insured not only repeatedly told police officers that he had a gun and intended to shoot to kill, but also pointed the gun at the police officers and cocked it. In these circumstances, it must be concluded that the insured's conduct provoked the shooting and that the insured's death was thus not accidental.

The order of the Superior Court is reversed and the record is remanded to the Court of Common Pleas of Lackawanna County with the direction that summary judgment be entered in favor of appellant.