660 A.2d 66

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellant

v.

Frederick M. MARTIN, April J. Martin, Barry Livergood,
Richard and Catherine Capper, Appellees.

Superior Court of Pennsylvania.

Argued Feb. 15, 1995.

Filed May 8, 1995.

Reargument Denied July 17, 1995.

Marianne Corr, Warminster, for appellant.

Jonathan J. Russell, Doylestown, for Capper, appellees.

Before WIEAND, BECK and BROSKY, JJ.

WIEAND, Judge:

The issue in this appeal is whether State Farm Mutual Automobile Insurance Company is liable to indemnify its insured, Frederick Martin, for damages caused by intentional acts under a policy providing liability coverage for bodily injury and property damage "caused by accident." The facts were stipulated by the parties and submitted to the court in an action for declaratory judgment. The trial court held that, even if the insured had acted intentionally and criminally, the damages were accidental from the perspective of the injured claimants; and, therefore, the insurer was required to provide coverage. After careful review of the law in this Commonwealth, we reverse.

Frederick Martin was the owner of a Ford pickup truck insured by State Farm pursuant to a policy providing liability coverage for bodily injury and property damages "caused by accident." Martin and his wife, April, were separated when, on July 23, 1991, Martin drove to the rental home where his wife was living in Warrington, Bucks County. Arriving about midnight, Martin found his wife's sons standing beside his wife's car. Martin twice drove his truck into the rear of his wife's vehicle; and when his wife emerged from the house, he mounted the lawn with his truck and struck his wife. When the truck became stuck on a brick wall, the sons were able to pull April Martin away from the truck and into the house. Thereafter, Martin drove the truck into the wall of the house three times, causing damage to the property of the landlords, Richard and Catherine Capper, in the amount of $6,294.10. Finally, he drove the truck into collision with a vehicle owned by his wife's boyfriend. When police were called, he told them he had aimed at his wife but hoped she was alright. His speech was slurred, and he smelled of alcohol. A blood test disclosed that Martin had a blood alcohol level of .26 percent. The trial court based its decision on the assumption that "Frederick Martin intended specifically to injure all of the claimants ... both as to bodily injury and property damage."

[2] In Pennsylvania, whether bodily injury or damage to property is caused by accident must be determined from the perspective of the insured.[1] Thus, a willful and malicious assault, being an intentional tort, is not an accident. *Gene's Restaurant, Inc. v. Nationwide Ins. Co.*, 519 Pa. 306, 548 A.2d 246 (1988). As such, it is not covered by a policy agreeing to indemnify against damages caused by accident. Indeed, in such cases, the insurer does not even owe a duty to defend its insured. *Id.* As the Supreme Court observed in *Urian v. Equitable Life Assurance Society*, 310 Pa. 342, 165 A. 388 (1933),

[o]ur cases have uniformly held that where the cause of injury or death was an act of the insured, the means which caused the result, to be accidental, must be undesigned and

---

1. For decisions from other jurisdictions, see 72 A.L.R.3d 1090, et seq.

unintentional, that accidental injury or death is an unintended and undesigned result arising from acts done, while injury or death by accidental means is a result arising from acts unintentionally done.

*Id.* at 346, 165 A. at 390. In this Commonwealth the rule is so firmly established that the Superior Court has said it is "irrelevant whether or not [the insured] intended to be bound by the [policy's] exclusion for intentional torts, since it is against the public policy of this Commonwealth to provide insurance coverage for intentional acts." *Nationwide Mut. Ins. Co. v. Hassinger,* 325 Pa.Super. 484, 489, 473 A.2d 171, 173 (1984).

In *Hassinger,* the insured had driven his vehicle over the curb and across the sidewalk where he had struck and killed a pedestrian. Similarly, in *Esmond v. Liscio,* 209 Pa.Super. 200, 224 A.2d 793 (1966), an insured had opened his car door for the purpose of hitting a pedestrian, an act found by the trial court to be an intentional assault. The liability insurance policy provided coverage for bodily injury caused by accident. The Court held that there was no coverage for the insured's conduct because "a person should not be indemnified by insurance against the consequences of his willful, criminal assault." *Id.* at 209, 224 A.2d at 798. See also: *Germantown Ins. Co. v. Martin,* 407 Pa.Super. 326, 595 A.2d 1172 (1991) (no coverage where insured under homeowner's policy went on shooting spree at home of former girlfriend, causing death and injury to others); *Kraus v. Allstate Ins. Co.,* 258 F.Supp. 407 (W.D.Pa.1966), *aff'd,* 379 F.2d 443 (3rd Cir.1967) (intentional detonation of dynamite in automobile). Compare: *Roque v. Nationwide Mutual Ins. Co.,* 502 Pa. 615, 467 A.2d 1128 (1983).

When the trial court attempted to find coverage by looking to the perspective of injured third persons, therefore, it ran afoul of precedential decisions holding that whether an act is accidental or intentional must, for purposes of determining coverage, be determined from the viewpoint of the insured. A policy of liability insurance is a contract intended to protect and benefit the insured from liability resulting from uninten-

tional conduct. It is in that context in which the term "caused by accident" must be read. If the bodily injury is caused by an intentional assault and not by accident, the policy does not provide coverage.

Appellees argue that the insured's conduct was unintentional (and, therefore, accidental) because he was under the influence of alcohol. It is correct that Martin's speech was slurred, he smelled of alcohol, and a blood test disclosed an alcoholic blood content of .26 percent. However, "while voluntary intoxication may so cloud the mind as to deprive it of the power of pre-meditation and deliberation [ ], it will not prevent the formation of the general intent necessary for the commission of an assault and battery." *Esmond v. Liscio, supra* at 208, 224 A.2d at 797. See also: *Nationwide Mut. Ins. Co. v. Hassinger, supra,* 325 Pa.Super. 484, 473 A.2d 171.

The Cappers argue also that even if Martin intended to injure his estranged wife, he did not intend to injure them. Intent, however, may be transferred from an intended victim to another. *Nationwide Mut. Ins. Co. v. Hassinger, supra; Germantown Ins. Co. v. Martin, supra* at 333, 595 A.2d at 1175. Therefore, Martin's act under the circumstances of this case must be deemed an intentional act for which there was no coverage under his policy of liability insurance.

For these reasons, we conclude, after careful review, that the trial court misapplied the established law in this Commonwealth. Its judgment, therefore, must be reversed.

The order entering declaratory judgment in favor of appellees is reversed.