AGORA SYNDICATE, INC., Plaintiff,

v.

Leonard LEVIN, Larry Diperstein, Linda Lane, and Marlen Corp., Defendants.

Civil Action No. 97–1462.

United States District Court,
E.D. Pennsylvania.

Sept. 19, 1997.

Jay E. Mintzer, Edelstein, Mintzer, Diamond & Sarowitz, Philadelphia, PA, Jack S. Cohen, Edelstein, Mintzer and Sarowitz, Philadelphia, PA, John G. Pfeiffer, Chicago, IL, for Agora Syndicate, Inc.

Jay Barry Harris, Fineman & Bach, P.C., Philadelphia, PA, for Leonard Levin, Marlen Corp.

Pietro A. Barbieri, West Chester, PA, Jay M. Levin, Digiacomo, Kunkle & Levin, Paoli, PA, for Larry Diperstein, Linda Lane.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

Agora Syndicate ("Agora") brought this action for declaratory judgment seeking to determine whether or not it must defend and indemnify Defendant Leonard Levin ("Levin") in an underlying state court tort action. Two motions are currently before this Court. Defendants Larry Diperstein's ("Diperstein") and Linda Lane's ("Lane") Motion to Dismiss

and Agora's Motion for Summary Judgment. Previously, this Court denied Defendants Levin's and Marlen Corporation's ("Marlen") Motion to Dismiss. For the reasons that follow, Defendant's Motion to Dismiss is denied and Plaintiff's Motion for Summary Judgment is granted.

## I. BACKGROUND.

On April 12, 1993, Levin went to Diperstein's locksmith shop to dispute a bill. The billing dispute escalated and Levin and Diperstein began fighting. Lane became involved while trying to assist Diperstein, her husband.

Diperstein and Levin each filed criminal charges of simple assault [1] and harassment [2] against the other. On November 3, 1993, the trial court found Diperstein not guilty on both counts. Levin was found not guilty of simple assault but guilty of harassment.

Diperstein and Lane then filed a civil action in the Philadelphia Court of Common Pleas against Levin and Marlen Corporation.[3] The complaint lists counts of assault and battery, negligence, intentional and negligent infliction of emotional distress, and loss of consortium. Both Levin and Marlen sought coverage from Agora under a commercial general liability insurance policy. Agora initially provided both with counsel, while reserving the right to deny coverage and withdraw at a later time.

By letter, dated December 18, 1996, Agora denied coverage to Levin individually but continued to defend Marlen under a strict reservation of rights. The letter states that the insurance policy issued to Levin does not provide coverage for intentional torts. Because harassment is an intentional crime and the complaint filed against Levin alleges only intentional torts, Agora determined that it did not have a duty to defend Levin in the underlying action.

Agora told Levin that his appointed defense counsel would withdraw immediately, and advised him to retain another attorney.

In response, Levin contested the withdrawal of his appointed counsel pointing out that negligence is not an intentional tort. On March 19, 1997, the Petition for Leave to Withdraw filed by appointed counsel was denied by the Honorable Arnold New of the Philadelphia Court of Common Pleas.

Agora has filed this action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Agora seeks a judgment declaring that it has no duty to defend or indemnify Levin individually in the underlying state court tort action under the terms of its insurance policy.

## II. STANDARD OF REVIEW.

Summary Judgment is proper "if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Then, the non-moving party must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." FED. R.CIV.P. 56(c). If the court, in viewing all reasonable inferences in favor of the non-moving party, determines that there is no genuine issue of material fact, then summary judgment is proper. Celotex, 477 U.S. at 322, 106 S.Ct. at 2552; Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 83 (3d Cir.1987).

## III. DISCUSSION.

### A. Summary Judgment.

The parties disagree over whether or not Summary Judgment may properly be granted. Levin's intent is the material issue in contention. Agora points to Levin's harassment conviction as determinative of the issue of intent and proof of the absence of a mate-

---

1. 18 Pa.C.S.A. § 2701.

2. 18 Pa.C.S.A. § 2709.

3. Larry Diperstein v. Leonard Levin et al., Philadelphia Court of Common Pleas, April Term 1995, Docket No. 1292.

rial issue of fact. To the contrary, Levin and Marlen argue that the issue of Levin's intent is material and is in dispute, which precludes Summary Judgment. Viewing all facts in the light most favorable to Levin and Marlen, Agora's argument is more persuasive.

■ In Pennsylvania, "the victim of a criminal act is precluded from litigating the issue of the insured actor's intent where that intent has been established by independent evidence in the prior criminal proceedings." *Stidham v. Millvale Sportsmens's Club,* 421 Pa.Super. 548, 618 A.2d 945, 954 (1992), *appeal denied,* 536 Pa. 630, 637 A.2d 290 (1993). Likewise, "criminal convictions are admissible in civil actions" and are "conclusive evidence of the criminal acts." *Id.* 618 A.2d at 952. This rule establishes that the issue in question, Levin's intent, cannot be at issue in the underlying civil action.

Levin's state of mind was conclusively determined at his criminal trial. The crime of harassment requires the court to find the following:

> Harassment—A person commits the crime of harassment when, with intent to harass, annoy or alarm another person: (1) he strikes, shoves, kicks or otherwise subjects him to physical contact . . .

18 Pa.C.S.A. § 2709. Thus, to convict Levin of harassment, the trial court had to determine that he acted intentionally. This determination prevents relitigation of the issue of Levin's intent. Since both parties are precluded from arguing the issue of Levin's intent, that issue cannot be in dispute, and Summary Judgment is proper.

■ Defendants' argue that even if Levin's intent to harass Diperstein was determined at the criminal trial, with respect to Lane, there has been no final determination with regard to Levin's intent. This position is incorrect because intent "may be transferred from an intended victim to another." *State Farm Mut. Auto. Ins. Co. v. Martin,* 442 Pa.Super. 442, 660 A.2d 66, 68 (1995), *appeal denied,* 544 Pa. 676, 678 A.2d 366 (1996) (citing *Nationwide Mut. Ins. Co. v. Hassinger,* 325 Pa.Super. 484, 473 A.2d 171, 173 (1984); *Germantown Ins. Co. v. Martin,* 407 Pa.Super. 326, 595 A.2d 1172, 1175

(1991), *appeal denied,* 531 Pa. 646, 612 A.2d 985 (1992)). Therefore, the criminal court's determination of Levin's intent with regard to Diperstein is transferable to Lane.

Having determined that Summary Judgment is proper, Agora's request for declaratory judgment must be addressed.

**B. Declaratory Judgment.**

The issue presented is whether Levin's harassment conviction discharges Agora's duty to defend him in the underlying state court action. I find Agora's duty to defend discharged for two reasons. First, Levin's harassment conviction places this action within the "expected or intended exclusion" of Agora's insurance policy. Second, it is contrary to the public policy of Pennsylvania to allow insurance coverage for an intentional tort.

**1. Policy Exclusions.**

Levin's conviction for harassment, an intentional crime, falls directly within the exclusions of Agora's insurance policy. Specifically, Agora's policy provides:

> 2. Exclusions.
>
> This insurance does not apply to:
>
> > a. "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

■ The "expected or intended exclusion" is common to liability insurance policies. *See e.g., Aetna Life and Cas. Co. v. Barthelemy,* 33 F.3d 189, 191 (3d Cir.1994). Under such an exclusion, the insurer must defend the entire action if any of the allegations in the complaint may potentially fall within the area of coverage. *Id.* However, a "plaintiff may not dress up a complaint so as to avoid the insurance exclusion." *Nationwide Mut. Ins. Co. v. Yaeger,* No. 93–3024, 1994 WL 447405 at *2 (E.D.Pa. Aug. 19, 1994) (citations omitted). In other words, if the factual allegations of the complaint sound in intentional tort, arbitrary use of the word "negligence" will not trigger an insurer's duty to defend. *See, Kraus v. Allstate Ins. Co.,* 379 F.2d 443, 444 (3d Cir.1967); *Fed. Ins. Co. v. Potamkin,* 961 F.Supp. 109, 111–12 (E.D.Pa.1997); *State Farm Fire & Cas.*

*Co. v. Griffin,* 903 F.Supp. 876, 878 (E.D.Pa. 1995); *Germantown Ins. Co. v. Martin,* 595 A.2d at 1174–75; *Donegal Mut. Ins. Co. v. Ferrara,* 380 Pa.Super. 588, 552 A.2d 699, 702 (1989).

■ Lane and Diperstein's complaint contains several counts of negligence, which is technically within Agora's area of coverage and triggers the duty to defend. Yet, as noted above, Levin's conviction for harassment conclusively establishes that he acted intentionally during the billing dispute. The undisputed facts of record sound in intentional tort. Even if each and every allegation of the complaint were proven, there is no doubt that Levin acted intentionally rather than negligently. Therefore, Levin's actions are not covered by the insurance policy and Agora is not obligated to defend or indemnify him in the underlying action.

**2. Public Policy.**

■ It is well settled that Pennsylvania's public policy prohibits insurance coverage for intentional torts or criminal acts. *State Farm Mut. Auto. Ins. Co. v. Martin,* 660 A.2d at 68. *Kraus,* 379 F.2d at 446; *Potamkin,* 961 F.Supp. at 113; *Germantown Ins. Co. v. Martin,* 595 A.2d at 1175. "A policy of liability insurance is a contract intended to protect and benefit the insured from liability resulting from unintentional conduct." *State Farm Mut. Auto. Ins. v. Martin,* 660 A.2d at 68. Levin was convicted of harassment, an intentional crime. Levin "should not be able to avoid financial responsibility by shifting the penalty for his criminal act to an insurance carrier." *Kraus v. Allstate Ins. Co.,* 258 F.Supp. 407, 412, *aff'd,* 379 F.2d 443 (3d Cir.1967). Thus, requiring Agora to provide Levin with coverage would violate the public policy of Pennsylvania.

## VI. *CONCLUSION.*

For the foregoing reasons, Summary Judgment is proper as there are no genuine issues of material fact in dispute. Levin's harassment conviction conclusively determines the issue of his intent. Further, Agora is entitled to a judgment in their favor as a matter of law. Levin's intentional act is excluded from coverage under Agora's policy of insurance. Also, it would violate Pennsylvania's public policy to require Agora to defend and indemnify Levin in the underlying state court action. An appropriate Order follows.

## ORDER

AND NOW, this 19th day of September, 1997, upon consideration of Defendants Leonard Levin's and Marlen Corporation's Motion to Dismiss, and Plaintiff Agora Syndicate's Motion for Summary Judgment, and all responses thereto, it is hereby ORDERED that Defendant's Motion to Dismiss is DENIED and Plaintiff's Motion for Summary Judgment is GRANTED.

It is further ORDERED that:

1. Declaratory Judgment is hereby ENTERED in favor of Plaintiff Agora Syndicate and against Defendants Leonard Levin, Larry Diperstein, Linda Lane and Marlen Corporation.

2. Plaintiff Agora Syndicate has no obligation to continue defending Leonard Levin individually in the matter known as *Larry Diperstein v. Leonard Levin, et al.,* filed in the Philadelphia Court of Common Pleas as of April Term, 1995, Docket No. 1292.

3. Plaintiff Agora Syndicate has no obligation to indemnify Leonard Levin individually in the above mentioned action and if any party in that action obtains a judgment against Leonard Levin, requiring the payment of damages, expenses, costs or fees, Plaintiff has no obligation to pay any such amount pursuant to Commercial General Liability Policy No. DOL–150261.