**FRANKLIN INSURANCE COMPANY, Appellant,**

v.

**Chester ROBERTS, Nancy Lane, Shirley Longwell and Shirley Heffner**

v.

**State Farm Insurance Company, Intervenor.**

Superior Court of Pennsylvania.

Argued May 18, 2004.

Filed Sept. 15, 2004.

had no duty to indemnify or defend Chester Roberts for liability stemming from an automobile collision in which Roberts, while attempting to evade police, hit Shirley Longwell and Shirley Heffner. The case was submitted to the trial court on stipulated facts. The trial court found against Appellant. This appeal followed. Appellant raises one substantive issue for our review, concerning the propriety of the trial court's decision. We affirm.

¶ 2 We must first address, however, State Farm Insurance Company's claim that Appellant's claim is waived due to its failure to file post-trial motions.[1] Our Supreme Court has recently clarified this area of the law, unequivocally declaring that post-trial motions are required in an action such as this one. *Motorists Mutual Ins. Co. v. Pinkerton*, 574 Pa. 333, 830 A.2d 958 (2003). However, at the time of the trial court's decision in this case, *Pinkerton* had not yet been decided. Instead, an *en banc* decision of this Court, *State Farm Fire and Cas. Co. v. Craley*, 784 A.2d 781 (Pa.Super.2001), which *Pinkerton* overruled, was the law. *Craley* held that, following a trial such as this one, under the Declaratory Judgments Act, a trial court's decision was final and should thus be immediately appealed.

¶ 3 State Farm argues the post-*Craley*, but pre-*Pinkerton*, decision of the Supreme Court in *Chalkey v. Roush*, 569 Pa. 462, 805 A.2d 491 (2002), was binding on these parties and required Appellants to file post-trial motions. *Chalkey* held post-trial motions were required in equity matters and foreshadowed the demise of *Craley* in a footnote. *Chalkey*, 805 A.2d at 496, n. 13. However, *Chalkey* did not overrule *Craley*; *Craley* was not overruled until *Pinkerton*, which was after the period

Dennis J. Bonetti, Lemoyne, for appellant.

Michael B. Magee, Hollidaysburg, for State Farm.

Nancy Lane, appellee, pro se (no brief filed).

Chester Roberts, appellee, pro se (no brief filed).

Bobbie A. Thornburg, Philadelphia, for Longwell & Heffner, appellees (no brief filed).

Before: DEL SOLE, P.J., KELLY and CAVANAUGH,* JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 This is an appeal from an order denying Appellant Franklin Insurance Company's complaint for declaratory judgment and dismissing the action. Appellant sought to have the trial court declare it

---

* Judge Cavanaugh did not participate in this decision.

1. State Farm intervened in this action as the insurer of Ms. Longwell and Ms. Heffner.

during which Appellant could have filed post-trial motions. Accordingly, we will not fault Appellant for failing to file post-trial motions in this case. *See Leggett v. Nat'l Union Fire Ins. Co.,* 844 A.2d 575, 580 (Pa.Super.2004) (denying motion to quash where appellants acted pursuant to *Craley* during the post-*Chalkey,* pre-*Pinkerton* era).

¶ 4 Appellant issued an automobile insurance policy to Nancy Lane. Ms. Lane's son, Mr. Roberts, was operating her vehicle at the time of the collision. In its complaint for declaratory judgment, Appellant alleged it had no duty to defend or indemnify Roberts for claims arising from the collision with the Longwell/Heffner vehicle because the collision was not an accident and/or the conduct which caused the collision was excluded from coverage as intentional. The trial court rejected these allegations because Appellant failed to prove Roberts intended to cause harm to Longwell and Heffner. We agree.

¶ 5 On appeal, Appellant raises the following issue:

> Whether the judge erred in applying the law applicable to an intentional act exclusion and improperly ignored the language of the policy that limited coverage in the first instance to an "auto accident" where Mr. Roberts' conduct of fleeing and eluding police was not an accident as a matter of law.

Appellant's Brief at 4.[2]

■ ¶ 6 Our review of Appellant's claim is guided by the following:

> The interpretation of an insurance contract regarding the existence or non-existence of coverage is "generally performed by the court." "Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer . . . . Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language." In light of the fact that the appropriate construction of the Policy poses a question of law, our standard of review is plenary.

*Minnesota Fire & Cas. Co. v. Greenfield,* —— Pa. ——, 855 A.2d 854, 861 (2004) (citations omitted).

¶ 7 Appellant initially claims the trial court failed to determine whether the collision was an "auto accident" covered by the policy. We disagree. The trial court made a specific finding: "we reject [Appellant]'s notion that the collision between Chester Roberts and Shirley Longwell was not an accident." Trial Court Opinion, 7/29/03, at 10.

■ ¶ 8 The substance of Appellant's argument is that because Roberts was intentionally operating the insured vehicle in an effort to elude police at the time of the collision, there was no accident and thus no coverage. However, that argument does not reflect the proper test to be applied in "intentional act" situations. Pennsylvania law has consistently held that absent a specific intent to cause the harm that resulted, the event is an accident for purposes of insurance coverage. *Eisenman v. Hornberger,* 438 Pa. 46, 264 A.2d 673 (1970); *United Services Auto. Ass'n v. Elitzky,* 358 Pa.Super. 362, 517 A.2d 982 (1986). Conversely, where a specific harm

---

2. The relevant policy language is as follows: We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident.

. . . . .

We do not provide Liability Coverage for any "insured":

1. Who intentionally causes "bodily injury" or "property damage".

Appellant's Policy at 2.

is intentionally caused, no coverage for accidental injury is available. *State Farm Mut. Auto. Ins. Co. v. Martin*, 442 Pa.Super. 442, 660 A.2d 66 (1995).

¶ 9 Appellant principally relies on *Cardwell v. Chrysler Financial Corp.*, 804 A.2d 18 (Pa.Super.2002), to support its argument. In *Cardwell*, a driver was attempting to evade police and his vehicle sustained damage when it left the roadway and came to a stop during police pursuit. The policy at issue in that case provided for coverage for a "loss," defined as "direct and accidental" damage to the vehicle. *Id.* at 25. A panel of this Court found neither the insureds, nor their lienholder, were indemnified by the insurer where the driver's willful criminal conduct and the resulting loss were not accidental.

¶ 10 While we find *Cardwell* distinguishable from this case on its facts, we also believe the recent Pennsylvania Supreme Court decision in *Minnesota Fire and Cas. Co. v. Greenfield*, —— Pa. ——, 855 A.2d 854, 866 (2004), has limited, if not extinguished, *Cardwell*'s viability. The *Greenfield* court was faced with the question of whether an insured's intentional and criminal act of selling heroin precluded insurance coverage for accidental events where a heroin buyer died in the insured's home as a result of the insured's actions. The court found that, as a matter of public policy, an insured's criminal acts with respect to Schedule I controlled substances, such as heroin, precluded coverage. However, the court went on to set forth the following law:

> [I]n cases that do not involve a criminal act by an insured with respect to a Schedule I controlled substance, our decision in *Eisenman*, reiterating the test traditionally required for an insurer to disclaim liability; i.e. the insurer must prove that the insured intended by his

act to produce the damage which did actually occur, retains its validity.

*Greenfield*, at 866.

¶ 11 Therefore, we hold, in order to avoid coverage, it must be established the insured acted with specific intent to cause the harm for which the claim is made. In this case, Roberts may have acted intentionally in his evasion of police, but he had no intent to collide with the Longwell/Heffner vehicle; accordingly, we find that collision was an accident for which coverage applies.

¶ 12 Order affirmed.