**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant,**

v.

**Ronald GISLER, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 18, 2000.

Filed Dec. 22, 2000.

David M. McCormick, Philadelphia, for appellant.

Stephen D. Ivey, Philadelphia, for appellee.

Before McEWEN, President Judge, TODD and MONTEMURO *, JJ.

MONTEMURO, J.:

¶ 1 Appellant, Prudential Property and Casualty Company, appeals from a decree *nisi* entered pursuant to an action for a declaratory judgment in the Court of Common Pleas of Philadelphia County. We affirm.

¶ 2 Appellee, Ronald Gisler, was injured in an automobile accident while operating a patrol car in his employ as a police officer. After receiving partial compensation from the tortfeasor, Appellee made a claim under his personal policy with Appellant for underinsured motorist (UIM) benefits. Appellant denied Appellee's claim based upon the "regularly used non-owned car" exclusion contained in the UIM policy covering Appellee. Appellant then initiated a declaratory judgment action to determine the parties' rights under the policy.

¶ 3 The case was submitted to the trial court on stipulated facts and briefed by the parties. The trial court issued a decree *nisi* in which it found Appellant responsible for providing UIM benefits to Appellee on the grounds that the exclusion was contrary to public policy. Appellant did not file post trial motions, but appealed directly to this Court.

¶ 4 Initially, we find that this case is properly before us. Rule 341 of the Pennsylvania Rules of Appellate Procedure provides, in part:

    (a) General Rule ... an appeal may be taken as of right from any final order of ... [a] lower court.

    (b) Definition of Final Order. A final order is any order that:

    ...

---

* Retired Justice assigned to Superior Court.

(2) [any order that] is expressly defined as a final order by statute;
Pa.R.A.P. 341.

¶ 5 In a declaratory judgment action, a trial court has the "power to declare rights, status, and other legal relations." 42 Pa.C.S.A. § 7532. The declaration made by the trial court "may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree." *Id.; see also Warner v. Continental/CNA Insurance Cos.*, 455 Pa.Super. 295, 688 A.2d 177, 179 (1996), *appeal denied*, 548 Pa. 660, 698 A.2d 68 (1997).

¶ 6 In the instant case, Appellant sought a declaratory judgment from the trial court. After submission of the facts and legal arguments, the trial court, in issuing the decree *nisi*, effectively made a declaration in the negative in its decree. Because the statute gives such a declaration the force and effect of a final judgment or decree, we will treat it as such under Pa.R.A.P. 341(b) and consider the trial court's decree appealable, despite its description as a decree *nisi*.

¶ 7 When assessing the determination of the trial court in a declaratory judgment action, our scope of review is narrow. *O'Brien v. Nationwide Mutual Insurance Company*, 455 Pa.Super. 568, 689 A.2d 254, 257 (1997). We will set aside the factual conclusions of the trial court only where they are not supported by adequate evidence; the trial court's application of the law, however, is always subject to our review. *Id.*

¶ 8 The issue presented in the instant case is whether a "regularly used non-owned vehicle" exclusion in an insured's UIM policy prevents coverage of an insured who is injured by an underinsured motorist while the insured is operating an employer's vehicle, which the insured uses regularly. Because we find the reasoning of the plurality opinion in *Bur-*

*stein v. Prudential Property and Casualty Insurance Co.*, 742 A.2d 684 (Pa.Super.1999) (*en banc*), *appeal granted*, 563 Pa. 670, 759 A.2d 919 (2000), persuasive, we rule that, under the facts of the instant case, the exclusion is void as against public policy.[1]

¶ 9 In *Burstein*, the insured, Mrs. Burnstein, was injured while riding in a vehicle provided by her employer for regular use. *Id.* at 685–86. The employer did not notify Mrs. Burnstein that no UIM coverage was purchased for the company vehicle, nor did Mrs. Burnstein have an option to change such coverage. *Id.* at 685. After receiving inadequate compensation from the tortfeasor, Mrs. Burnstein filed a claim for UIM benefits under her personal policy, which provided liability and UIM coverage for her three vehicles. *Id.* at 685–86. The insurer denied coverage based upon a policy exclusion for a "regularly used non-owned car" not insured under the policy. *Id.* at 686. Both the trial court and a divided panel of this Court ruled that the exclusion, as applied to Mrs. Burnstein, violated public policy. *Id.* In a plurality opinion, an *en banc* panel of this Court agreed. *Id.*

¶ 10 The plurality sets forth three broad public policies related to UIM coverage upon which the exclusion could be voided: (1) the Motor Vehicle Financial Responsibility Law (MVFRL) was enacted in order to establish a liberal compensation scheme of UIM protection; (2) it is in the public's best interest for insurance companies to provide UIM coverage; and (3) UIM coverage is first party coverage and therefore necessarily follows the person, not the vehicle. *Id.* at 687–88. The opinion also recognized that Mrs. Burnstein was not trying to avoid her responsibility to purchase adequate insurance, but rather "acted in full accordance with the MVFRL, obtaining both liability and underinsured motorist coverage on all three vehicles [she] owned." *Id.* at 690. For these reasons, the Court concluded that "where an

---

1. We recognize that the plurality opinion in *Burstein* is not mandatory precedent.

insured has complied with both the letter and spirit of the MVFRL and was not notified that the vehicle he or she was regularly using was not covered by underinsured motorist coverage—the policy provision denying underinsured motorist coverage for a 'regularly used non-owned car' is void as against public policy." *Id.* at 691.

¶ 11 The concurrence also found that the exclusion, as it applied to Mrs. Burnstein, should be voided as against public policy, but differed as to the reasoning. *Id.* at 691 (McEwen, P.J., concurring in part and dissenting in part). The concurring opinion did not agree that UIM coverage necessarily followed the insured and not the vehicle; rather, it explained that the purpose of the exclusion was to prevent "abuse by precluding the insured and his family from regularly driving two or more cars for the price of one policy." *Id.* at 693 (quoting *Crum and Forster Personal Insurance Co. v. Travelers Corp.*, 428 Pa.Super. 557, 631 A.2d 671, 673 (1993)). Because the exclusion was not meant to protect against the risk occasioned by Mrs. Burnstein, the concurring opinion concluded that the exclusion was inapplicable to the facts before the court. *Id.*

¶ 12 The material facts in the instant case are akin to those in *Burstein.* Initially, the exclusions relied upon by Appellant here and the insurer in *Burstein* are nearly identical.[2] The policy reads, in pertinent part:

> Regularly Used Non–Owned Motor Vehicles
>
> We will not pay for bodily injury to you or a household resident using a non-owned car not insured under this part, regularly used by you or a household resident.

Secondly, Appellee was injured by an underinsured motorist while operating a vehicle provided to him by his employer. Also, Appellee purchased an insurance policy that provided UIM coverage on the vehicle that he owned, thereby complying with the letter and the spirit of the MVFRL. Although the stipulated facts of the instant case do not reveal whether Appellee was aware that the employer's vehicle had no UIM coverage, such knowledge would be irrelevant in the instant case. Unlike Mrs. Burnstein, who could have chosen to use her personal vehicle if she had known that her employer did not provide UIM coverage, it is doubtful that Appellee, as a police officer, had the option to use his personal vehicle while on patrol. *See Burstein, supra* at 690 n. 1. Therefore, we rule that the exclusion, as it applies to the Appellee in the instant case, is void as against public policy.

¶ 13 Appellants argue that *Burstein* is limited by this Court's holding in *State Farm Mutual Automobile Insurance Co. v. Brnardic*, 441 Pa.Super. 566, 657 A.2d 1311 (1995), *appeal denied*, 543 Pa. 695, 670 A.2d 142 (1995). In *Brnardic*, we ruled that a "regularly used non-owned vehicle" exclusion in an automobile liability policy did not violate public policy. *Id.* at 1313. We reasoned that an insurer, in determining the cost of liability insurance, must take into account the insured's driving record and the insured's type of car, because some cars can create worse accidents than others. *Id.* The exclusion, in a liability policy, is a way for the insurer and the insured to reach a common ground; the insured is covered when borrowing a vehicle for infrequent use, and the insurer is not responsible for damages caused by the insured while regularly driving a vehicle not covered under the policy. *Id.*

¶ 14 That reasoning is not applicable to the instant case. In *Brnardic*, we were concerned with liability insurance, *i.e.*, covering the insured for his own negligence while operating an automobile. Here, we are concerned with UIM coverage, the

---

**2.** Interestingly, it is the same insurance carrier who now stands before this Court. (Appellant's Brief at 14).

purpose of which is to protect the insured from the risk that a negligent driver of another vehicle will cause injury, and will have inadequate liability coverage to compensate for the damages caused by his negligence. *See Wolgemuth v. Harleysville Mutual Insurance Co.,* 370 Pa.Super. 51, 535 A.2d 1145, 1149 (1988) (*en banc*), *appeal denied,* 520 Pa. 590, 551 A.2d 216 (1988). Since UIM coverage is intended to protect against negligence of persons other than the insured, the insured's driving record and type of vehicle are irrelevant to determine premiums.

¶ 15 Therefore, we affirm the trial court's declaratory judgment in favor of Appellee.

¶ 16 Judgment affirmed.

¶ 17 McEWEN, President Judge, notes his dissent.