**Prudential Property & Casualty Insurance Co. v. O'Donnell**

*Susan E. Boyer,* for plaintiff.
*Lee Albert,* for defendant.

BRINKLEY, *J.,* February 28, 2001—Plaintiff Prudential Property & Casualty Insurance Co., has filed an appeal of this court's declaratory judgment in favor of defendant James J. O'Donnell Jr., entered on July 7, 2000. This court agrees with appellee that Prudential's policy of insurance with James J. O'Donnell Sr. provides underinsured motorist benefits to James J. O'Donnell Jr.

## I. PROCEDURAL HISTORY

The plaintiff, Prudential Property & Casualty Insurance Co. brought an action for declaratory judgment in this matter. Prudential sought a determination by this court that the policy of its insured, James J. O'Donnell Sr., did not provide underinsured motorist benefits to the defendant James J. O'Donnell Jr. O'Donnell opposed this judgment. The parties stipulated to a set of facts and the case was submitted to this court for judgment on the briefs. An order declaring that Prudential was to afford underinsured motorist benefits to O'Donnell was issued on July 7, 2000. A post-trial motion for reconsideration and relief in the form of oral argument was filed by plaintiff on September 22, 2000. This court denied the post-trial motion on October 27, 2000. Plaintiff Prudential filed notice of appeal to the Superior Court of Pennsylvania on October 17, 2000.

## II. FACTUAL HISTORY

Counsel for both parties stipulated to facts in lieu of testimony [S.F.]. The undisputed facts are as follows: On January 27, 1996, O'Donnell was involved in a car accident with a vehicle driven by Robert Cervantes. At the time, O'Donnell was driving his own vehicle, a 1994 Chrysler LeBaron, insured by The Insurance Company of the State of Pennsylvania. His policy with The Insurance Company of the State of Pennsylvania included underinsured motorist coverage in the amount of $15,000 per person. (S.F. ¶¶1-3.) Cervantes had automobile insurance through Allstate Insurance Company, with total coverage of $15,000 per person. O'Donnell recovered the full amount available from Cervantes' Allstate policy, with knowledge and consent of Prudential. (S.F. ¶¶4-5.) O'Donnell also collected the $15,000 of underinsured motorist protection under his own policy with The Insurance Company of the State of Pennsylvania. (S.F. ¶8.)

At the time of O'Donnell's accident, James J. O'Donnell Sr., defendant's father, had an insurance policy through Prudential.[1] Under that policy, two cars were listed, a 1972 Chevrolet Nova and a 1979 Chevrolet Malibu. (S.F. ¶¶10-13.) Although the LeBaron was not included among the vehicles on his father's policy, O'Donnell was listed as an insured driver resident in the household. (S.F. ¶14.) This Prudential policy had limits for underinsured benefits in the amount of $25,000 per person. (S.F. ¶11.) The Prudential policy

---

1. At all times material hereto, including January 27, 1996, defendant O'Donnell resided with his father at 10939 Waldemire Drive, Philadelphia, PA 19154.

also contained a clause providing that Prudential would not pay for the bodily injury of a driver covered under the policy, but driving a vehicle not listed or insured by Prudential.[2] Prudential denied coverage to O'Donnell for any underinsured motorist benefits under this exclusion in its policy with James J. O'Donnell Sr. (S.F. ¶6.) Prudential then sought a declaratory judgment to support its denial of these benefits to O'Donnell.

## III. DISCUSSION

### A. *Standard of Review*

When presented with a declaratory judgment action, a trial court has the power to declare rights, status and other legal relations. 42 Pa.C.S. §7532. Whether the decision of the trial court is affirmative or negative, the declaration has the force and effect of a final judgment. *Id.; Prudential Property and Casualty Insurance Company v. Gisler,* 764 A.2d 1111(Pa. Super. 2000); *Warner v. Continental/CNA Insurance Cos.,* 455 Pa. Super. 295, 688 A.2d 177, 179 (1996). The review of a trial court's declaration is very narrow and it is only set aside where the factual findings are not supported by sufficient evidence. *O'Brien v. Nationwide Mutual Insurance Company,* 455 Pa. Super. 568, 689 A.2d 254, 257 (1997).

---

12. Prudential policy, part 5, pp. 7 and 8 provide significantly:

"[W]e will not pay for bodily injury to anyone occupying or struck by a motor vehicle owned or leased by you or a household resident which is not covered under this policy, or if the liability coverage of that vehicle is used, pay any portion of an insured's bodily injury liability claim."

### B. *Defendant James J. O'Donnell Jr. Is an Insured Driver Under the Policy Issued by Plaintiff Prudential to James J. O'Donnell Sr. for Purposes of Underinsured Motorist Benefits*

The issues in this case are governed by applicable provisions of the Motor Vehicle Financial Responsibility Law ("MVFRL") 75 Pa.C.S. §1701 et seq. An underinsured motor vehicle is defined as a "motor vehicle for which the limits of available liability insurance and self-insurance are insufficient to pay losses and damages." 75 Pa.C.S. §1702. The provisions of section 1731 mandate that insurance carriers offer uninsured (UM) and underinsured motorist (UIM) protection. The amount of UM/UIM offered must be equal to that amount provided for bodily injury liability. 75 Pa.C.S. §1731(a). "The purpose of underinsured motorist coverage is to protect the insured *(and his additional insureds)* from the risk that a negligent driver of another vehicle will have inadequate liability coverage to compensate for the injuries caused by his negligence." *Wolgemuth v. Harleysville Mutual Insurance Co.,* 370 Pa. Super. 51, 58, 535 A.2d 1145, 1149 (1988). (emphasis added) The legislature ensured that every motorist who is injured and cannot recover completely from a negligent driver may have recourse of at least $15,000 either "(1) pursuant to the policy of insurance applicable to the vehicle in which the [injured] was a passenger . . . *OR* (2) pursuant to a policy of insurance under which the injured [person] is an insured." *Wolgemuth,* 370 Pa. Super. at 57, 535 A.2d at 1148. (emphasis added) The MVFRL defines an insured as "any

individual identified by name as an insured in a policy of motor vehicle liability insurance." The *Wolgemuth* court, also noted significantly in its opinion that UIM insurance follows the person, not the vehicle. 370 Pa. Super. at 60, 535 A.2d at 1150 cited in *Burstein v. Prudential Property,* 742 A.2d 684, 684-88 (Pa. Super. 1999).

When more than one policy may apply to an injured motorist, the rule of priority of application is set forth in section 1733. First, a policy covering the vehicle occupied at the time of injury will apply. 75 Pa.C.S. §1733(a)(1). Next to be applied is a policy covering a motor vehicle not involved in the accident, but under which the injured person is an insured. 75 Pa.C.S. §1733(a)(2). The design of the MVFRL was concluded by the courts of this state to have contemplated recovery up to "the available limits of liability applicable to the negligent vehicle, with recourse to underinsurance benefits pursuant to any separate insurance policy." *Paylor v. Hartford Insurance Co.,* 536 Pa. 583, 589, 640 A.2d 1234, 1236-37 (1994).

In the instant case, defendant O'Donnell was an insured under the policy between Prudential and his father, James J. O'Donnell Sr. He was named as an insured, and to protect him as such and compensate him for the injuries caused by another's negligence, he must be awarded the amount of UIM coverage specified in his father's policy. The tort-feasor who injured O'Donnell was not sufficiently insured. Allowing O'Donnell to recover under the Prudential policy properly furthers the intent of the MVFRL by supplementing the inadequate insurance of the negligent motor vehicle opera-

tor who caused the defendant's injuries. If an exclusion based on multiple applicable insurance policies was proper, there would be no need for section 1733 to specify the priority in which policy funds should be applied. Obviously, since the statute recognizes the priority of applicable policies, it also recognizes that more than one UIM policy may and can apply. The purpose of the UIM provisions of the MVFRL was to prevent families within a household from trying to undercut the insurance system with underinsured vehicles. *Paylor,* 536 Pa. at 596, 640 A.2d at 1240. UIM coverage is not designed to relieve an insured or family from purchasing adequate insurance for their vehicles. *Id.*

Plaintiff's argument that defendant is not insured because he was not driving a car listed on the insurance policy is meritless. Plaintiff has asserted that defendant is precluded from recovering under the Prudential policy with James J. O'Donnell Sr., because defendant O'Donnell was not driving a car listed on that policy. However, this argument is specifically rebutted by the language of the MVFRL defining "insured." If the legislature had intended to apply insurance only to listed vehicles, the definition of "insured" for UIM purposes would not include the word "OR." (See discussion *supra* at p. 121.) Moreover, as cited in *Wolgemuth, supra,* the purpose of UIM insurance is to allow an injured to recover, pursuant to the policy of insurance applicable to the vehicle in which the injured was a passenger *OR* under a policy under which the injured is insured. (emphasis added) The UIM coverage properly follows defendant O'Donnell as an insured, without regard to the

vehicles listed on the policy. Defendant O'Donnell was properly named as an insured driver under the Prudential policy issued to James J. O'Donnell Sr.

### C. *The Other Household Vehicle Exclusion in Plaintiff's Policy with James J. O'Donnell Sr. Is Void As Against Public Policy*

In *Burstein v. Prudential Property,* the Superior Court set forth several reasons which may make a clause in an insurance policy related to UIM coverage void:

"(1) The MVFRL was enacted in order to establish a liberal compensation scheme of UIM protection; (2) it is in the public's best interest for insurance companies to provide UIM coverage; and (3) UIM coverage is first party coverage and therefore . . . follows the person, not the vehicle." 742 A.2d 684, 684-88 (Pa. Super. 1999) cited in *Prudential Property and Casualty Insurance Co.,* 764 A.2d at 1113. The court also noted that the claimant was entitled to UIM coverage because she had not attempted to avoid buying adequate insurance but had fully complied with the UIM provisions of the MVFRL and had obtained liability and UIM coverage on all of the vehicles she owned. *Burstein,* 742 A.2d at 690. If a claimant has complied with the letter and spirit of the MVFRL, a clause denying UIM coverage is more likely to be void as against public policy. *Prudential Property and Casualty Insurance Co.,* 764 A.2d at 1114.

A household exception clause was found invalid in *Marroquin v. Mutual Benefit Insurance Co.,* 404 Pa. Super. 444, 591 A.2d 290 (1991). One Marroquin son was hit and injured by a vehicle owned, operated and

insured by his brother. The injured son recovered from his brother's policy and then sought to recover from the parents' policy. Both sons resided with their parents. The parents' policy with Mutual Benefit Insurance Company contained a family car exclusion. The Superior Court held the exclusion was invalid under Pennsylvania law, adopting the reasoning of a Minnesota court in a similar case. *Marroquin*, 404 Pa. Super. 444, 454-55, 591 A.2d 290, 295-96 (citing *DeVille v. State Farm Mutual Insurance Company*, 367 N.W.2d 574 (1985)). The Superior Court adopted the general rule that an insurance policy clause which excluded UIM coverage when an insured is injured while using a vehicle owned by the insured or a family member is presumptively invalid. *Marroquin*, 404 Pa. Super. at 456, 591 A.2d at 296. The exception is when the claimant is attempting to convert inexpensive UIM insurance into additional liability insurance. *Id.* The Superior Court held that "[u]nder the facts of this case, [the family car exclusion] was not justified as its purpose was not to convert underinsured motorist coverage into liability coverage." *Marroquin*, 404 Pa. Super. at 457, 591 A.2d at 297.

Furthermore, the Pennsylvania Supreme Court held in *Paylor v. Hartford Insurance*, 536 Pa. 583, 595, 640 A.2d 1234, 1240 (1994), that the validity of a household or family car exclusion is determined by the facts set forth in each case. Presumptively, such clauses are invalid. The exception to the rule is when the exclusionary clause is upheld because an insured is attempting to convert UIM into liability coverage. This is a very limited exception to the general rule that the family car or household exclusion is invalid as against public

policy. *Id.* (citing *Sherwood v. Bankers Standard Insurance Co.*, 424 Pa. Super. 13, 17, 621 A.2d 1015, 1017 (1993)).

Cases where a household exception has been upheld involve situations in which the vehicle in which claimant was injured was not fully insured or not insured at all. Additionally, none of the drivers were claimed to be listed on the household policy as drivers, although they may have claimed coverage as a household member. See *Eichelman v. Nationwide Insurance Company*, 551 Pa. 558, 711 A.2d 1006 (1998) (denying UIM coverage for member of household on mother's policy when son was injured on own, separately insured motorcycle for which UIM protection was rejected); *Hart v. Nationwide Insurance Company*, 541 Pa. 419, 663 A.2d 682 (1995) (refusing to extend daughter's policy to injured father who declined protection and was injured in own underinsured vehicle); *Windrim v. Nationwide Insurance Company*, 537 Pa. 129, 641 A.2d 1154 (1994) (declining to extend mother's UIM coverage to son who resided at household but was injured while driving his own uninsured vehicle).

The case at bar is distinct from these limited exception cases. In this case, defendant O'Donnell fully complied with the letter and spirit of the MVFRL. He had insurance on his properly registered vehicle. He had liability and UIM coverages in the statutorily prescribed amount. James J. O'Donnell Sr. also fully complied with the MVFRL by insuring his own vehicles fully and even maintaining insurance for the third driver in his house, defendant O'Donnell. These attempts to obtain the full

insurance necessary are significantly notable. The defendant and his father were both fully insured. The problem that arose was caused by the negligence and under-insurance of the tort-feasor, Cervantes. O'Donnell should not be penalized because he was injured and he is still insured under his father's insurance. There is no valid reason why O'Donnell should not be awarded UIM recovery under his father's policy. There is only valid support for the proposition that public policy mandates the exclusion upon which plaintiff is relying is void. Full compliance with the MVFRL should not result in exclusion from coverage. An injured claimant should be fully compensated for his or her injuries by applicable insurance.

The exclusionary clause relied upon by plaintiff in its denial of UIM benefits to O'Donnell is void as against public policy. To properly effectuate the intent of the MVFRL, the Prudential policy's UIM coverage should extend to O'Donnell, a named insured. Moreover, there is no claim here that O'Donnell is trying to convert the UIM into liability recovery. Therefore, the general rule applies and the exclusion is void. O'Donnell should be afforded the protection of the UIM benefits of the policy between Prudential and James J. O'Donnell Sr.

## IV. CONCLUSION

Based upon the foregoing, this court properly entered a declaratory judgment ordering plaintiff Prudential to afford underinsured motorist benefits to defendant O'Donnell. Therefore, plaintiff's motion was properly denied and its appeal should be dismissed.