566 A.2d 318

**STATE FARM FIRE AND CASUALTY COMPANY**

v.

**Bruce LEVINE, Gerald Levine, Michael Bielaus
and John Bielaus.**

**Appeal of Michael BIELAUS and John Bielaus.**

Superior Court of Pennsylvania.

Argued Oct. 12, 1989.

Filed Nov. 22, 1989.

2

Jeffrey M. Stopford, Media, for appellants.

Marc F. Ullom, Warrington, for State Farm, appellee.

Before CAVANAUGH, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

Appellee, State Farm Fire and Casualty Company, brought an action for declaratory judgment to determine whether it owed a duty to defend or indemnify its insured in a personal injury action. The jury found by a preponderance of the evidence that the insured expected or intended to cause an injury of the same general type that the victim suffered; accordingly, the trial court entered judgment in favor of appellee. Michael and John Bielaus, the victim and his father, appeal the judgment. They assert that the court used an improper standard to decide what constitutes "an injury of the same general type." We have reviewed the law, the facts and the notes of testimony, and we find no error. Accordingly, we affirm the decision of the trial court.

The underlying cause of action in this case arose from an altercation in a high school locker room on February 23, 1983. The insured, 17–year–old Bruce Levine, had heard that the injured party, 16–year–old Michael Bielaus, had defamed him. Levine located Bielaus and discussed the matter with him.[1] Eventually, Levine punched Bielaus's face, crushing the bones of Bielaus's left cheek. Bielaus had to undergo reconstructive surgery and claims continued numbness in that portion of his face.

Levine was insured under a homeowners' insurance policy issued by State Farm. This policy does not cover "bodily injury or property damage which is expected or intended by the insured." State Farm sought a declaratory judgment action to determine whether the injury in the underlying case was excepted from the coverage of the policy. At trial, the primary issue was whether this injury was "expected or intended by the insured." The jury found that it was.[2] On appeal, Bielaus and his father assert that the court did not apply the correct standard, that the jury charge was in error, and that judgment n.o.v. or a new trial should have been granted. Upon review, we find that the court applied the correct standard; accordingly, we reject all of appellants' contentions and affirm the decision of the trial court.

Both parties and the lower court agree that this case is controlled by *United Services Automobile Ass'n v. Elitzky*, 358 Pa.Super. 362, 517 A.2d 982 (1986), *allocatur denied*, 515 Pa. 601, 528 A.2d 957 (1987). In *Elitzky*, this Court interpreted identical language in a similar policy. The *Elitzky* court analyzed authority from other jurisdictions, and found that the cases fell into three basic categories.

1. Witnesses at trial provided varied interpretations of the tone and content of this discussion.

2. The jury answered the following interrogatory in the affirmative: Do you find by a preponderance of the evidence that defendant, Bruce Levine, intended to injure Michael Bielaus and that he acted expecting or intending that injury of the same general type suffered by Michael Bielaus was substantially certain to result from his action?

*Elitzky*, 358 Pa.Super. at 369–72, 517 A.2d at 986–987. Some jurisdictions apply a tort theory, holding that an actor intends all natural and probable consequences of his acts. Other jurisdictions hold that an injury is intended only if the actor intends the precise harm that occurred. A third group of cases hold that the injury is intended "if the actor intended to cause a harm of the same general type as that which did result." *Elitzky*, 358 Pa.Super. at 371, 517 A.2d at 987. The *Elitzky* court then analyzed Pennsylvania cases and concluded that Pennsylvania follows the third group, holding that there is no coverage where the actual injury is of the same general type as the injury intended.

The parties dispute the meaning of "an injury of the same general type." Appellant asserts that an injury of the same general type is an injury of the same magnitude. We disagree. The general type of injury is a composite of many factors, including nature or character of the injury, *cf. Elitzky*, 358 Pa.Super. at 372, 517 A.2d at 988; magnitude, *cf. id.;* location, *cf. Donegal Mutual Ins. Co. v. Ferrara*, 380 Pa.Super. 588, 594, 552 A.2d 699, 702 (1989) (where insured intentionally kicked victim in the groin, the act was not covered because insured "acted knowing the consequences of her act would be damage to [the victim's] genitalia"), and other factors.

We have thoroughly reviewed the notes of testimony, and we find that the trial court adequately explained "an injury of the same general type." The court explained that the injury need not be precisely the same as the injury intended, N.T. Vol. II at 119. The court provided the jury with two hypothetical situations, taken from the *Elitzky* case. N.T. Vol II at 117–118, 119–120. These hypotheticals adequately delineate the boundaries of "an injury of the same general type." Contrary to appellants' suggestion, the trial court never improperly focused the jury's attention on any one factor. The trial court committed no error.

Furthermore, the jury's verdict was not so contrary to the evidence that judgment n.o.v. should have been granted. Entering judgment n.o.v. is a drastic act; such a

judgment should only be entered where reasonable people could not fail to agree that the verdict was improper. In reviewing a denial of a motion for judgment n.o.v., this Court must review the evidence in the light most favorable to the verdict winner, resolving any conflict of evidence in favor of the verdict winner. *Martin v. Soblotney*, 296 Pa.Super. 145, 168, 442 A.2d 700, 712 (1982).

We have reviewed the notes of testimony. The evidence shows that Levine was angry with Bielaus and that Levine struck Bielaus with great force. The jury could infer that Levine intended to cause serious physical damage to Bielaus's face. The jury was entitled to disbelieve Levine's testimony, in which he claimed that he did not know a single blow could break bones. There is ample evidence to support the verdict. Judgment n.o.v. is not mandated.

Judgment affirmed.