## BANGOR AREA EDUCATION ASSOCIATION

v.

**Ronald ANGLE, Lisa Sandt, Robert Wilson, Richard Ott, Joseph Boyle, Charles Cole, Joseph Diorio, Mary T. Ensslin, J. Peter Turtzo, Dr. Wilford Ottey, Dr. John Barilla, and the Bangor Area School District, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Sept. 18, 1998.

Decided Nov. 4, 1998.

Donald F. Spry, II, Bangor, for appellants.

A. Martin Herring, Philadelphia, for appellee.

Before DOYLE and LEADBETTER, JJ., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Ronald Angle, Lisa Sandt, Robert Wilson, Richard Ott, Joseph Boyle, Charles Cole, Joseph Diorio, Mary T. Ensslin, J. Peter Turtzo, Dr. Wilford Ottey, Dr. John Barilla and the Bangor Area School District (Appellants), appeal from a March 4, 1998, order of the Court of Common Pleas of Northampton County (trial court), denying Appellants' exceptions and finalizing a decree nisi of November 14, 1997. We affirm.

Robert Angle (Angle) is a school board member of the Bangor Area School District (District). Angle asked the District's administration to examine portions of teachers' personnel files so as to determine how professional evaluations were being conducted and at what intervals. Angle was interested in determining whether there were issues that affected teachers' ability to educate. Angle also wanted to examine teacher evaluations so as to determine whether there were problems with teachers and, if so, what was being done to correct them. Additionally, Angle sought such access to teachers' evaluations in order to recognize excellent professionals, encourage those in need of improvement and respond to those who were not performing at minimal levels.

The Board's policy on personnel records states that nothing in the policy shall be construed to prevent a Board member from inspecting any record of the District in the performance of his or her official duties. (R.R. at 46a). What constitutes "official duties" is *not* set forth in the policy. Additionally, the policy directs the superintendent to develop procedures to implement the policy. The record indicates that such procedures were *never* developed.

The Bangor Area Education Association (Association) became aware that Angle was examining portions of teacher personnel files which included evaluation reports, observation reports, criminal clearance certificates, teacher contracts, college credit and reimbursement information as well as letters of commendation and complaint. No medical documents, payroll or financial information was reviewed.

On September 20, 1996, a representative of the Pennsylvania State Education Association, on behalf of the Association, advised the school superintendent that the inspection of teacher personnel files by a single Board member was illegal. Meanwhile, Angle continued to review the files, reviewing thirty of one hundred eighty. The files were reviewed by Angle and one other individual, at the office of the superintendent. At no time were the files removed therefrom. At no time did Angle disclose the information obtained to other members of the Board.

On October 15, 1996, the Association advised the District that Angle's activities were illegal and must cease. Angle refused to cease his review of the files and the instant suit commenced. On November 13, 1996, the Association filed a complaint in equity, an action in mandamus and action in declaratory judgment in the trial court. The complaint requested a ruling that an individual member of the Board does not have the authority to review teacher personnel files. On January 10, 1997, Appellants filed an answer alleging that an individual Board member does have such authority.

On September 30, 1997, Appellants and the Association filed a stipulation of facts. At the time this case was submitted to the trial court for decision, only the Association's request for declaratory judgment remained at issue.[1] On November 14, 1997, the trial court issued a decree nisi finding that an individual Board member lacks authority to review teacher evaluations. Appellants filed an exception to the decree nisi. On March 4, 1998, the trial court issued an order denying the exception and entering the decree nisi as a final decree. The instant appeal resulted.

■ On appeal to this Court,[2] Appellants assert that *individual* Board members have

---

1. The Pennsylvania Associations of Elementary and Secondary School Principals and the Pennsylvania Association of School Administrators, together, filed an *amici curiae* brief in support of the Association's complaint.

2. The scope of review by the Commonwealth Court of a court of common pleas sitting in

an implied right to review teacher evaluations. Specifically, Appellants contend that the authority granted to the Board *as a whole* to review the personnel files of teachers can be inferred to *individual* Board members who act unilaterally. Appellants contend that because the Public School Code of 1949 (Code)[3] confers upon the Board the responsibility of managing the affairs of the District, it also confers upon the Board any implied powers which are necessary to give effect to this responsibility, including the review of teachers' personnel files by individual members of the Board. Appellants assert that the trial court erred when it determined that the Code precludes an *individual* Board member from reviewing teachers' personnel files without approval of a majority of the Board.

◼ Appellants' argument is unavailing. The Code confers no authority upon *individual* school board members to act unilaterally under the guise of carrying out the responsibilities of a board as a *whole.* The law is clear that actions by a school board are taken by collective authority. *See generally,* Sections 101–2702 of the Code. Section 510 of the Code[4] provides that a school board may adopt and enforce reasonable rules and regulations it deems necessary and proper regarding the management of its school affairs. In the instant case, however, the record is devoid of any indication that the policy enacted by the Board was implemented by the Superintendent; thus, there were no procedures in existence that conferred upon individual Board members the authority to inspect teachers' personnel files without prior approval by the Board as a whole. Furthermore, neither the Code nor any regulation enacted pursuant thereto conferred upon Angle the authority to *individually* inspect teachers' personnel files.

◼ Both Appellants and the Association concede that the right to privacy is so broad that it applies to the most public of public figures, including those in public employment. *Tribune Review Publishing Company v. Allegheny County Housing Authority,* 662 A.2d 677 (Pa.Cmwlth.1995), *petition for allowance of appeal denied,* 546 Pa. 688, 686 A.2d 1315 (1996). Accordingly, a constitutional right to privacy protects public school teachers and their personnel files. This right, however, is not absolute and must be balanced against competing restrictions, such as those contained in the acts frequently referred to as the Pennsylvania Right to Know Law (Law)[5] and the Personnel Files Act (Act).[6] It is the degree to which this right is restricted which Appellants contend the trial court erred in determining.

Appellants argue that the trial court erred in concluding that the Law and the Act prohibit an individual Board member from inspecting teachers' personnel files. Specifically, Appellants contend that neither the Law nor the Act creates a limitation on the authority of government officials to review governmental records related to the official's performance of his or her duties and responsibilities.

We do not agree. Section 1(2) of the Law[7] defines "public record" as:

[a]ny account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons: Provided, That the term 'public records' shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or

---

equity is severely restricted. We will not reverse if apparently reasonable grounds exist for the relief ordered and no errors or inapplicable rules of law were relied upon by the trial court. *Jackson v. Hendrick,* 72 Pa.Cmwlth. 63, 456 A.2d 229 (Pa.Cmwlth.1983).

**3.** Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101–27–2702.

**4.** 24 P.S. § 5–510.

**5.** Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.4.

**6.** Act of November 26, 1978, P.L. 1212, *as amended,* 43 P.S. §§ 1321–1324.

**7.** 65 P.S. § 66.1(2).

result of an investigation undertaken by an agency in the performance of its official duties, except those reports filed by agencies pertaining to safety and health in industrial plants; it shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which would operate to the prejudice or impairment of a person's reputation or personal security, or which would result in the loss by the Commonwealth or any of its political subdivisions or commissions or State or municipal authorities of Federal funds, excepting therefrom however the record of any conviction for any criminal act.

■ The law is well-settled that any material designated as a "public record" under the Law shall be, at reasonable times, open to any citizen of the Commonwealth for examination and inspection. Section 2 of the Law, 65 P.S. § 66.2. However, this Court has held that teachers' personnel files are *not* a "public record" under the Law. *West Shore School District v. Michael Homick and West Shore Education Association,* 23 Pa.Cmwlth. 615, 353 A.2d 93 (Pa.Cmwlth.1976). As such, teachers' personnel files are *not* open to individuals for examination and inspection. Thus, the trial court did not err when it concluded that the Law prohibited Angle from inspecting the personnel records of teachers in the District.

■ Similarly, the trial court did not err when it concluded that the Act prohibited Angle from reviewing teachers' personnel files. We conclude that the purpose of the Act is to acknowledge the right of both public and private employees to review files held by their employers that contain information about themselves; its purpose is *not* to permit access to employees' personnel files by the general citizenry of the Commonwealth. Section 2 of the Act [8] states that:

> [a]n employer shall, at reasonable times, upon request of an employee, permit that employee or an agent designated by the

employee to inspect his or her own personnel files used to determine his or her own qualifications for employment, promotion, additional compensation, termination or disciplinary action. The employer shall make these records available during the regular business hours of the office where these records are usually and ordinarily maintained, when sufficient time is available during the course of the business day, to inspect the personnel files in question. The employer may require the requesting employee or the agent designated by the employee to inspect such records on the free time of the employee or agent. At the employer's discretion, the employee may be required to file a written form to request access to the personnel file or files or to indicate a designation of agency for the purpose of file access and inspection. This form is solely for the purpose of identifying the requesting individual or the designated agent of the requesting individual to avoid disclosure to ineligible individuals. To assist the employer in providing the correct records to meet the employee's need, the employee shall indicate in his written request, either the purpose for which the inspection is requested, or the particular parts of his personnel record which he wishes to inspect or have inspected by the employee's agent.

■ The Act is unambiguous in its terms that it is applicable only to employees who desire access to their employer's personnel files that contain information about themselves and does not enable anyone other than an employee or his agent to examine such files upon demand. Section 1 of the Act, 43 P.S. §1321, defines "employee" as:

> [a]ny person currently employed, laid off with reemployment rights or on leave of absence. The term 'employee' shall not include applicants for employment or any other person.

Clearly, an individual Board member such as Angle is not an "employee" under the Act. Accordingly, an individual Board member is without the rights conferred upon an employee under the Act, specifically the right to inspect his or her own personnel files only.

8. 43 P.S. § 1322.

Thus, the trial court did not err when it determined that the Act prohibits an individual Board member from reviewing the personnel files of teachers in the District.

Next, Appellants argue that the trial court erred when it concluded that the Sunshine Act [9] applied to the case at bar and precluded an individual Board member from inspecting the personnel files of teachers in the District. Specifically, Appellants contend that the Sunshine Act does not govern the power and duties of the Board, other than to provide for open meetings, and there was therefore no legal basis for the trial court's conclusion that the Sunshine Act precludes an individual Board member from inspecting teachers' personnel files.

 Upon review of the Sunshine Act, we conclude that its provisions are irrelevant to the situation at bar, as it mandates open meetings and has no bearing on the propriety of the inspection of teachers' personnel files by an individual Board member. The trial court, however, properly concluded that the Law and the Act precluded the inspection of teachers' personnel files by an individual Board member and as such, the application of the Sunshine Act by the trial court was merely harmless error. ·

Finally, Appellants assert that the trial court erred in determining that the Board's role as an adjudicatory body with respect to personnel matters precludes an individual Board member from inspecting teachers' personnel files. Specifically, Appellants contend that the fact that a Board member may serve in an adjudicatory role is not proper justification for presently denying a Board member access to teachers' personnel files.

 Appellants' assertion is without merit. Under the Code, the Board is occasionally required to sit as an adjudicatory body regarding issues involving personnel matters such as teacher contract termination, teacher tenure and labor disputes. In such cases, it is inconsistent for an individual Board member to obtain information outside of the hearing process that is protected by a privacy right relative to a teacher who may appear before the Board for dismissal proceedings.

Such action would preclude the Board as a whole from properly performing its adjudicatory function because information obtained outside of the hearing process could be used inappropriately to formulate the Board's adjudication. The trial court's conclusion to this effect was not in error.

Accordingly, the order of the trial court is affirmed.

### *ORDER*

AND NOW, this 4th day of November, 1998, it is hereby ordered that the March 4, 1998, order of the Court of Common Pleas of Northampton County, denying the exceptions of Robert Angle, Lisa Sandt, Robert Wilson, Richard Ott, Joseph Boyle, Charles Cole, Joseph Diorio, Mary T. Ensslin, J. Peter Turtzo, Dr. Wilford Ottey, Dr. John Barilla, and the Bangor Area School District and finalizing a decree nisi of November 14, 1997, is AFFIRMED.

Judge LEADBETTER dissents.

---

9. Act of July 3, 1986, P.L. 388, 65 P.S. §§ 271–286.