750 A.2d 282

**BANGOR AREA EDUCATION ASSOCIATION, Appellee,**

v.

**Ronald ANGLE, Lisa Sandt, Robert Wilson, Richard Ott, Joseph Boyle, Charles Cole, Joseph Diorio, Mary T. Ensslin, J. Peter Turtzo, Dr. Wilford Ottey, Dr. John Barilla, and the Bangor Area School District, Appellants.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1999.

Decided April 17, 2000.

Donald F. Spry, II, Bangor, Michael A. Gaul, Allentown, for Angle, et al.

A. Martin Herring, Philadelphia, for Bangor Area Educ. Ass'n.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### *O R D E R*

PER CURIAM:

Order affirmed.

Justice ZAPPALA files a concurring statement.

ZAPPALA, Justice, concurring.

I write separately to emphasize that our *per curiam* affirmance of the Commonwealth Court's holding is limited to the specific facts of this case and to the particular issues presented by this appeal.

It is worthy of note that this appeal originated from a declaratory judgment, resulting in a decree *nisi,* which the

chancellor rendered from facts stipulated by the parties. I also note that our review of a chancellor's equitable order is restricted to a review for abuse of discretion, capricious disbelief of the evidence, or a finding which lacks evidentiary support on the record. *See Carroll v. Ringgold Education Association,* 545 Pa. 192, 680 A.2d 1137, 1140 (1996).

The Act of March 10, 1949, P.L. 30 art. V, § 510 *as amended,* 24 P.S. § 5–510, states

The board of school directors in any school district may adopt and enforce such reasonable rules and regulations as it may deem necessary and proper, regarding the management of its school affairs and the conduct and deportment of all superintendents, teachers, and other appointees or employes during the time they are engaged in their duties to the district....

We granted allocatur in this case to determine whether an individual school board director has either an implied or inherent right to inspect personnel records of school employees without prior approval of a majority of the Board of School Directors.

In this case, we do not reach this question because the stipulation of facts reveals that while the school board had adopted a policy pursuant to the above cited act, stating that board members were not to be prevented from inspecting any record of the district when in performance of official duties, that same policy directed the Superintendent to develop procedures for its implementation. The stipulation of facts also reveals that no such procedures for implementation were ever developed by the Superintendent. Thus, in this instance, I am compelled to agree with the lower courts, that no authority was properly granted by the entire school board to the individual member for the examination of personnel files.