COMMONWEALTH of Pennsylvania, Respondent

v.

**Daniel Clarence FRY, Petitioner.**

Supreme Court of Pennsylvania.

July 25, 2001.

### ORDER

PER CURIAM:

AND NOW, this 25th day of July, 2001, the Petition for Allowance of Appeal is hereby GRANTED, the order of the Superior Court is VACATED, and the case is REMANDED for consideration on the merits. *See Union Electric Corp. v. Bd. of Property Assessment,* 560 Pa. 481, 746

---

**3.** It noted, however, that Appellant may not continue to represent his brother on remand as such constituted the unauthorized practice of law. Appellant did not seek allocatur on this issue.

**4.** In fact, Appellant was the plaintiff in *Cole v. Boyd,* yet another action where Appellant

sought unpaid fees from former patients unrelated to those involved in the appeals consolidated before Superior Court.

**5.** Price did not file an appellate brief in our Court.

A.2d 581 (2000) (allowing a *nunc pro tunc* appeal where the failure to comply with the timeliness requirement was caused by an administrative body's misstatement of the deadline for filing an appeal); *Commonwealth v. Coolbaugh*, 770 A.2d 788 (Pa.Super.2001) (allowing an untimely appeal from the revocation of probation where the trial court misinformed the defendant of the appeal filing deadline).